IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:12-cv-236 |
| v. ) | |
| ) | |
| THE STATE OF VERMONT; and ) | |
| JAMES C. CONDOS, ) | |
| SECRETARY OF STATE ) | |
| OF VERMONT, in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

The United States of America alleges:

1. This action is initiated by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") of 1986, 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act ("MOVE Act") of 2009, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-35 (2009). UOCAVA requires that absent uniformed services voters and overseas voters be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1(a)(1).

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and brings this action for declaratory and injunctive relief to ensure that absent uniformed services voters and overseas voters ("UOCAVA voters") will have the opportunity to vote guaranteed by UOCAVA in Vermont's November 6, 2012 Federal general election and in future elections for Federal office.

1

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

4. Defendant State of Vermont is responsible for complying with UOCAVA and ensuring that validly-requested absentee ballots are transmitted to UOCAVA voters in accordance with its terms. 42 U.S.C. § 1973ff-1.

5. Defendant James C. Condos is sued in his official capacity as the Secretary of State of the State of Vermont. The Secretary of State is Vermont's chief elections officer. 17 V.SA. § 2103(40). The principal office of the Secretary of State's Elections Division is in Montpelier, Vermont.

6. On August 28, 2012, Vermont held a primary election. Vermont's primary election is among the latest in the country, and allows for little time for the resolution of post-election disputes, such as recounts, before the UOCAVA ballot transmission deadline 45 days before the general election.

7. Subsequent to Vermont's August 28, 2012 primary election, a dispute arose concerning the results of the gubernatorial primary election for the Progressive Party, and the Vermont Superior Court in Washington County ordered a recount. On September 18, 2012, the Superior Court announced the results of the recount and declared a winner of the gubernatorial primary election for the Progressive Party.

### November 6, 2012 Federal General Election

8. UOCAVA requires that states transmit all validly-requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election. *See* 42 U.S.C. § 1973ff-1(a)(8).

9. City and township clerks in Vermont received timely requests for absentee ballots from eligible UOCAVA voters on or before September 22, 2012, the 45th day prior to the Federal general election.

10. The State did not finalize the ballot for the November 2012 Federal general election until late in the day on September 20, 2012. The cities and townships did not receive an electronic copy of the ballot to be sent to UOCAVA voters until late in the day on September 20, 2012.

11. Based on information and belief, the Director of Elections for the Vermont Office of the Secretary of State is aware that numerous town clerk offices were closed on Friday, September 21, 2012, and Saturday, September 22, 2012.

12. In response to the United States' request for a report on whether Vermont had complied with the 45-day transmittal deadline for the 2012 Federal general election, on September 25, September 28, October 1, and October 2, 2012, the State provided the United States with reports concerning UOCAVA ballot transmissions by its city and township clerks. Each report lists, by city and town, each UOCAVA ballot by name of the voter, date the ballot was requested, date the ballot was sent, and method of delivery of the ballot.

13. According to Vermont's reports, 148 of its cities and townships received a total of 894 ballot requests from UOCAVA voters prior to September 22, 2012. Of those 894 ballots, at least 191 (21.4%) were transmitted after that deadline.

14. The reports also indicate that of those 148 jurisdictions, 67 (45.3%) transmitted at least one of those ballots after the September 22 transmittal deadline.

15. The State's reports reveal that of 191 ballots transmitted after the deadline, 78 (41.1%) were transmitted on September 24; 33 were transmitted on September 25; 23 were

transmitted on September 26; 20 were transmitted on September 27; 28 were transmitted on September 28, 2012; one ballot was transmitted on September 29; seven ballots were transmitted on October 1; and one ballot was transmitted on October 2.

16. Under Vermont's election law, absentee ballots, including those from UOCAVA voters, must be received by city or township clerks by the close of polls on election day in order to be counted. 17 V.S.A. § 2543.

17. Vermont's failure to transmit absentee ballots to UOCAVA voters who requested them by September 22, 2012, the 45th day prior to the 2012 Federal general election, constitutes a violation of Section 102(a)(8)(A) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A).

18. An order of this Court is necessary requiring Vermont to take corrective action to protect the rights granted by UOCAVA and to ensure that the State's UOCAVA voters have sufficient opportunity to vote in the 2012 Federal general election and future Federal elections.

WHEREFORE, the United States asks this Court to hear this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that Vermont violated Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff–1(a)(8)(A), by failing to ensure that absentee ballots were transmitted to UOCAVA voters by September 22, 2012, for the November 6, 2012 Federal general election;

(2) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

   (a) To take such steps as are necessary to provide that UOCAVA voters will have the time period mandated by UOCAVA for receiving, marking, and returning their ballot and

ensure that the ballot will be counted in the November 6, 2012 Federal general election;

(b) To take such steps as are necessary to provide UOCAVA voters who are eligible to participate in the State's November 6, 2012 Federal general election with notice of this Court's order;

(c) To report to the United States and the Court concerning the transmission, receipt, and counting of UOCAVA ballots, by city and township, and related procedures, for the November 6, 2012 Federal general election pursuant to this Court's order;

(d) To take such other steps as are necessary to assure that the State conducts all future Federal elections in full compliance with UOCAVA, including requiring the State to provide pre- and post-election reports to the United States concerning its UOCAVA compliance in future Federal elections.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Dated this 11 day of October, 2012

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

*/s/ T. Christian Herren, Jr.*

T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
ELIZABETH S. WESTFALL
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
N.W.B. 7202
Washington, D.C. 20530
Telephone: (202) 305-7766
Facsimile: (202) 307-3961

TRISTRAM J. COFFIN
United States Attorney

By: */s/ Carol L. Shea*

CAROL L. SHEA
Assistant U.S. Attorney
Chief, Civil Division
P.O. Box 570
Burlington, Vermont 05402
(802) 951-6540